# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JIMMY LEE KING,<br><br>Defendant. | Cause No. CR 21-39-GF-BMM-1<br><br>**ORDER** |

## BACKGROUND

Jimmy Lee King ("King") has motioned the Court for compassionate release. (Doc. 32); (Doc. 35.) The government opposes King's motion. (Doc. 40.) King pleaded guilty to possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). (Doc. 20) The Court sentenced King to 70 months of incarceration, with four years of supervised release to follow, on December 16, 2021. (Doc. 30.)

King is incarcerated at Sheridan FCI. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Dec. 11, 2023). His scheduled release date is June 30, 2026. *Id.* King advises that he has served approximately 29 months in custody, or approximately 41% of his sentence. (Doc. 35 at 5.)

**I.    Availability of Relief Under 18 U.S.C. § 3582**

1

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission; (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a); and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Court considers whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including "medical circumstances of the defendant." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1). Specific examples include circumstances where a defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* at § 1B1.13(b)(1)(C). The Sentencing Commission also explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* at § 1B1.13(d).

Additionally, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of 18 U.S.C. § 3582(c)(1)(A). To determine

whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Section 3553(a) factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.*; 18 U.S.C. § 3553(a)(4), (6).

## II. Whether King has Demonstrated Extraordinary and Compelling Reasons.

King advances two arguments in support of his motion for compassionate release: 1) that he was safety valve eligible at the time of his sentencing; and 2) that King suffers from hepatitis C which he believes is not being adequately treated by the Bureau of Prison's ("BOP") Health Services. (Doc. 35 at 5-6.)

The Court determines that King's argument that he was safety valve eligible at the time of sentencing proves more appropriate as a collateral attack on King's sentence. The Court recognizes that "a motion for compassionate release is not an appropriate vehicle for a collateral attack against a defendant's sentence." *United States v. Carlos-Tofolla*, 2023 WL 3484163 at *2 (D. Idaho, May 16, 2023) (citing

3

*United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022); *United States v. Escajeda*, 58 F.4th 184, 187–88 (5th Cir. 2023); *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022)). The Court determines that whether King was safety valve eligible does not amount to an extraordinary and compelling reason to grant his motion for compassionate release. Such argument may be advanced in a collateral attack on King's sentence should he choose to make one through filing of a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

The Court determines that King has failed to meet his burden to demonstrate that his hepatitis C diagnosis amounts to an extraordinary and compelling reason as required by Title 18 of the U.S. Code § 3582(c)(1)(A). King offers no specific allegation or evidence that supports his claim that his hepatitis C is not being adequately treated by the BOP's Health Services while he is incarcerated. (*See* Doc. 35) The medical records indicate that King was seen by the Bureau of Prisons concerning his hepatitis C on April 5, 2023. (Doc. 36 at 1.) King was seen twice by BOP Health Services on April 5, 2023, and both times he denied experiencing pain from his hepatitis C. (*Id.* at 2, 4.) The Court determines that these records do not support King's claim that his hepatitis C is not being adequately treated, and that such inadequate treatment warrants immediate release or a reduction is his sentence.

Accordingly, **IT IS ORDERED**:

King's motion for compassionate release (Doc. 32) is **DENIED**.

DATED this 3rd day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court